UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
INTERNATIONAL CODE COUNCIL, INC.,

                Plaintiff,

-against-

"UNIVERSAL STORE 2023," *an eBay Store*,
BOMBINO EXPRESS (WORLDWIDE), INC,
and DOES 1-10,

                Defendants.
------------------------------------------------------------x

**ORDER**
24-CV-2026 (PKC) (RML)

## *EX PARTE* TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, TEMPORARY ASSET RESTRAINT, AND ORDER EXPEDITING DISCOVERY

Plaintiff International Code Council, Inc. ("Plaintiff" or "ICC") has applied *ex parte* for a temporary restraining order, a seizure order, a temporary asset restraint, an order expediting discovery, and an order to show cause for a preliminary injunction pursuant to the U.S. Copyright Act, 17 U.S.C. § 501 et seq. and the U.S. Lanham Act (Trademark Act), 15 U.S.C. § 1051, claiming that defendants Universal Store 2023, Bombino Express (Worldwide), Inc., and Does 1–10 ("Defendants") are selling counterfeit versions of Plaintiff's copyrighted ICC building code books (the "I-Codes") and using Plaintiff's registered trademarks to do so. Having reviewed the Complaint, pleadings, moving papers, and declarations submitted by Plaintiff, the Court finds that:

(a) Plaintiff is likely to succeed in showing that Defendants have infringed Plaintiff's copyrights by selling counterfeit versions of Plaintiff's I-Code books;

(b) Plaintiff is likely to succeed in showing that Defendants used counterfeits of one or more of Plaintiff's registered trademarks, including Plaintiff's INTERNATIONAL

    CODE COUNCIL and ICC trademarks, in connection with the sale, offering for sale, and/or distribution of counterfeit I-Code books within the United States;

(c) The sales of such counterfeit I-Code books will result in an immediate and irreparable injury to Plaintiff if a temporary restraining order is not entered;

(d) The issuance of a temporary restraining order is further justified upon considering the balance of hardships between the parties, together with the interests of the public at large;

(e) Pursuant to Fed. R. Civ. P. 65(b)(1)(A), it is appropriate to issue this temporary restraining order without notice to Defendants because Plaintiff has presented specific facts in the filed declarations that clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition to the motion;

(f) Defendants, or other persons acting in concert with Defendants, may destroy, move, hide, or otherwise make the counterfeit I-Codes books inaccessible to the Court if Plaintiff were to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiff seeks in this action;

(g) The harm to Plaintiff of denying the requested temporary restraining order and temporary asset restraint outweighs the harm to Defendants' legitimate business interests;

(h) Plaintiff has not publicized the requested seizure;

(i) Plaintiff has provided notice to the United States Attorney for the Eastern District of New York pursuant to 15 U.S.C. § 1116(d)(2) with reasonable notice of its application for this order;

(j) Plaintiff, via the Declaration of Ferdie Matro, has sufficiently identified Defendants and the location where they are likely to be holding and/or offering for sale goods bearing counterfeits of the INTERNATIONAL CODE COUNCIL and ICC trademarks; and,

    (k) Entry of an order other than an *ex parte* seizure will not adequately achieve the purposes of 15 U.S.C. § 1114 to preserve for Plaintiff its remedies for trademark infringement, including destruction or secreting of items bearing the INTERNATIONAL CODE COUNCIL and ICC trademarks and recovery of Plaintiff's lost profits and damages.

Therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants shall show cause (unless they waive the right to do so) before this Court, located at 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 4F North, on April 3, 2024 at 11:00 a.m., which date is set forth for good cause shown, or as soon thereafter as counsel can be heard, why an order should not be entered granting Plaintiff a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 that would:

    (a) Enjoin and restrain Defendants and any of their officers, agents, and servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise from directly or indirectly:

        i. reproducing, distributing, displaying, offering for sale, or selling any copies of any I-Codes books, including, by way of example only, copies of the International Plumbing Code, International Mechanical Code, the International Fuel and Gas Code, the International Building Code, the International Fire Code, and the International Residential Code for One and Two-Family Dwellings, among all other I-Codes published by Plaintiff;

        ii. using the INTERNATIONAL CODE COUNCIL and ICC trademarks, or any reproduction, counterfeit, copy, or colorable imitation of said marks in connection with the importation, sale, offer for sale, or distribution of any products that are not authentic;

        iii. making any false or misleading statements regarding Plaintiff or its products, or the relationship between Plaintiff and Defendants;

  iv. committing any other acts calculated to cause consumers to believe that Defendants' products are genuine products from Plaintiff;

  v. shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving, disposing of, or destroying in any manner any product bearing the INTERNATIONAL CODE COUNCIL or ICC trademark, or any reproduction, counterfeit, copy, or colorable imitation of the same, and any and all discoverable materials, including all hard copy and electronically stored business information that relates in any way to Defendants' conduct alleged in the Complaint, including any and all documents and things that relate to the manufacture, importation, acquisition, advertisement, purchase, distribution, or sale of goods bearing the INTERNATIONAL CODE COUNCIL or ICC trademark or any reproduction, counterfeit, or imitation thereof, or includes text or images substantially similar to text or images found in Plaintiff's I-Code books;

  vi. spending, transferring, moving or otherwise depleting any funds obtained from Defendants' counterfeiting activities; and,

  vii. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs i through vi.

(b) Order Defendants to immediately sequester and deliver up to Plaintiff's counsel for impoundment, pursuant to this Court Order, all items or things in their possession, custody or control, that contain text and images found in Plaintiff's I-Code books or bear counterfeits of Plaintiff's trademarks;

(c) Order Defendants to immediately allow Plaintiff, or any of its agents or representatives, to inspect Defendants' places of business; and,

(d) Order Defendants to engage in expedited discovery with Plaintiff.

4

**IT IS ORDERED, ADJUDGED, AND DECREED** that, pending the hearing on Plaintiff's application for a preliminary injunction, Defendants and any of its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, **are hereby temporarily restrained from** committing any of the acts set forth in paragraphs (i) through (vii) of the preceding section (a).

**IT IS FURTHER ORDERED** that eBay, and any other electronic marketplaces on which Defendants are selling versions of the I-Codes, as well as any financial institution or financial services company holding the funds of Defendants (e.g., PayPal), shall, within two (2) business days of receipt of this Order, for any Defendant:

(a) locate all accounts and funds connected to Defendants' accounts; and,

(b) restrain and enjoin any such accounts and/or funds from being paid to Defendants, or any other person or entity, until further ordered by this Court.

**IT IS FURTHER ORDERED** that the temporary restraining order shall remain in effect until the date for the hearing on the order to show cause set forth above or on any such further date set by the Court.

**IT IS FURTHER ORDERED** that pursuant to 15 U.S.C. § 1116(d)(1)(A), not later than March 25, 2024, any United States Marshal, his or her deputy, or any other federal, state, or local law enforcement officer, accompanied by ICC's counsel and/or persons acting under its supervision, is hereby directed to seize and impound forthwith, the following items present at 177-15 149th Road, Jamaica, New York 11434 and 149-21 177th Street, Jamaica, New York 11434 (the "Premises"):

(a) Any and all materials bearing or intended to bear any counterfeit, copy, or substantially indistinguishable imitation of one or more of the INTERNATIONAL CODE COUNCIL and ICC marks listed in the Complaint filed in this Action;

(b) Any and all documents evidencing or relating to Defendants' counterfeiting activities;

5

(c) A copy of all computer hard drives and/or any portable electronic storage devices on the Premises for preservation and use in the litigation;

(d) A copy of the Defendants' text messages from any mobile phones owned by Defendants or present on the Premises; and,

(e) Any and all records documenting or reasonably appearing to document or relate to banking activities of and by Defendants and all such records and things under the control of Defendants.

**IT IS FURTHER ORDERED** that the United States Marshal or other law enforcement officer accomplishing such seizure shall employ whatever reasonable force is necessary to enter the premises of Defendants identified above and to inspect the contents of any vehicles, containers, desks, or documents located on the premises where any potentially counterfeit materials, or evidence of Defendants' counterfeiting, may be stored.

**IT IS FURTHER ORDERED** that any such products and materials or means of making such products and materials or records and things seized shall be appropriately packaged to permit identification, that Defendants shall be given a receipt therefor, and such materials, records, or things shall be impounded in the custody or control of the U.S. Marshal or other law enforcement officer, unless in the U.S. Marshal's or other law enforcement officer's sole discretion, he prefers that it repose in the custody of ICC's counsel, in which event it shall repose in the custody of ICC's counsel, as substitute custodian for the Court, pending further order of this Court, and shall be made available for inventory or inspection by any party or its counsel during normal business hours.

**IT IS FURTHER ORDERED** that Defendants' answering papers, if any, shall by timely filed with the Clerk of this Court and served upon the attorneys for Plaintiff by sending copies to the offices of Neal & McDevitt, LLC, 2801 Lakeside Drive, Suite 201, Bannockburn, Illinois 60015, to the attention of Jeffrey Norberg.

**IT IS FURTHER ORDERED** that, good cause having been shown, deposition, written, and third-party discovery by any party herein may begin immediately.

**IT IS FURTHER ORDERED** that Plaintiff shall post bond, not later than March 25, 2024, in the amount of five hundred dollars ($500.00).

Defendants are warned that any act by them in violation of any of the terms of this Order after proper notice to Defendants, may be considered and prosecuted as contempt of this Court.

                                                SO ORDERED.

                                                */s/ Pamela K. Chen*
                                                PAMELA K. CHEN
                                                United States District Judge

Dated: March 20, 2024
        Brooklyn, New York