UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
INTERNATIONAL CODE COUNCIL, INC.,

                      Plaintiff,

      - against -

PENKAJ VERMA and NEW FASHION
INDIA, operators of "Universal Store 2023"
and "Unique Store 2023," eBay Stores,
BOMBINO EXPRESS (WORLDWIDE), INC.,
and DOES 1-10,

                      Defendants.[1]
-------------------------------------------------------x

**PRELIMINARY INJUNCTION ORDER**
24-CV-2026 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

      WHEREAS, Plaintiff International Code Council, Inc. ("Plaintiff" or "ICC"), having moved *ex parte* on March 20, 2024 for a temporary restraining order, a seizure order, a temporary asset restraint, an order expediting discovery, and an order to show cause for a preliminary injunction pursuant to the Copyright Act, 17 U.S.C. § 501, and the Lanham Act (Trademark Act), 15 U.S.C. § 1051, claiming that defendants Universal Store 2023, Bombino Express (Worldwide), Inc., and Does 1–10 (the "Initial Defendants") are selling counterfeit versions of Plaintiff's copyrighted ICC building code books (the "I-Codes") and using Plaintiff's registered trademarks to do so;

      WHEREAS, the undersigned entered an Order granting Plaintiff's application on March 20, 2024 (the "TRO") and ordered the Initial Defendants to show cause by April 3, 2024, at 11:00 a.m. why the TRO should not be converted to a preliminary injunction;

      WHEREAS, upon Plaintiff's motion and for good cause shown, the undersigned extended the TRO by 14 days and rescheduled the hearing on the Court's order to show cause for

---

[1] The Clerk of Court is respectfully directed to amend this case's caption accordingly.

a preliminary injunction to April 17, 2024, at 2:30 p.m. (the "Preliminary Injunction Hearing");

WHEREAS, on April 9, 2024, pursuant to the terms of the TRO, Plaintiff served the Initial Defendants with the summons, complaint, TRO, and all papers filed in support of Plaintiff's application seeking the TRO;

WHEREAS, the undersigned entered another Order on April 12, 2024 (the "April 12, 2024 Order"), directing the Initial Defendants to file a response to the Court's order to show cause by April 16, 2024 at 12:00 p.m., noting the Preliminary Injunction Hearing scheduled for April 17, 2024, at 2:30 p.m., and directing Plaintiff to serve a copy of the Court's April 12, 2024 Order on the Initial Defendants;

WHEREAS, subsequently on April 12, 2024, Plaintiff amended its complaint and added Defendants Penkaj Verma and New Fashion India (the "Verma Defendants," and together with the Initial Defendants, "Defendants");

WHEREAS, on April 12, 2024, Plaintiff served the Initial Defendants by mail and email with a copy of the Court's April 12, 2024 Order;

WHEREAS, on April 10, 2024, Plaintiff served the Verma Defendants by email with a copy of the TRO, and on April 13, 2024, Plaintiff served the Verma Defendants by email with a copy of the Court's April 12, 2024 Order;

WHEREAS, no response to the Court's order to show cause was filed;

WHEREAS, on April 17, 2024, at 2:30 p.m., the Preliminary Injunction Hearing took place;

WHEREAS, Defendants have failed to show cause why the TRO should not be converted to a preliminary injunction.

**ORDER**

Based on the Amended Complaint, the declarations and memoranda filed by counsel, and on proof of the service on Defendants of such papers having been filed with the Clerk, and the arguments by counsel at the time of the hearing on April 17, 2024, and finding good cause therefore and that notice and service were proper, issuing this Preliminary Injunction Order ("PI Order") is warranted under Federal Rule of Civil Procedure 65 for the following reasons.

**IT IS** on this 17th day of April, 2024, **HEREBY ORDERED AS FOLLOWS**:

1. Plaintiff has made the showing necessary for the issuance of a preliminary injunction, namely, that:

(a) Plaintiff is likely to succeed in showing that Defendants have infringed Plaintiff's copyrights by selling counterfeit versions of Plaintiff's I-Code books;

(b) Plaintiff is likely to succeed in showing that Defendants used counterfeits of one or more of Plaintiff's registered trademarks, including Plaintiff's INTERNATIONAL CODE COUNCIL and ICC trademarks, in connection with the sale, offering for sale, and/or distribution of counterfeit I-Code books within the United States;

(c) The sales of such counterfeit I-Code books will result in an immediate and irreparable injury to Plaintiff if a preliminary injunction is not entered;

(d) The issuance of a preliminary injunction is further justified upon considering the balance of hardships between the parties, together with the interests of the public at large;

(e) The Defendants, or other persons acting in concert with Defendants, may destroy, move, hide, or otherwise make the counterfeit I-Codes books inaccessible to the Court in the absence of an injunction; and

(f) The harm to Plaintiff of denying the requested preliminary injunction outweighs

3

the harm to Defendants' legitimate business interests.

2. Defendants, including their officers, agents, representatives, servants, employees, and all other persons or entities acting in concert or participation with them, are hereby preliminarily enjoined, pending a final determination of this action, from:

(a) (i) reproducing, distributing, displaying, offering for sale, or selling any copies of any I-Codes books, including, by way of example only, copies of the International Plumbing Code, International Mechanical Code, the International Fuel and Gas Code, the International Building Code, the International Fire Code, and the International Residential Code for One and Two-Family Dwellings, among all other I-Codes published by Plaintiff;

(ii) using the INTERNATIONAL CODE COUNCIL and ICC trademarks, or any reproduction, counterfeit, copy, or colorable imitation of said marks in connection with the importation, sale, offer for sale, or distribution of any products that are not authentic;

(iii) making any false or misleading statements regarding Plaintiff or its products, or the relationship between Plaintiff and Defendants;

(iv) committing any other acts calculated to cause consumers to believe that Defendants' products are genuine products from Plaintiff;

(v) shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving, disposing of, or destroying in any manner any product bearing the INTERNATIONAL CODE COUNCIL or ICC trademark, or any reproduction, counterfeit, copy, or colorable imitation of the same, and any and all discoverable materials, including all hard copy and electronically stored

business information that relates in any way to Defendants' conduct alleged in the Amended Complaint, including any and all documents and things that relate to the manufacture, importation, acquisition, advertisement, purchase, distribution, or sale of goods bearing the INTERNATIONAL CODE COUNCIL or ICC trademark or any reproduction, counterfeit, or imitation thereof, or includes text or images substantially similar to text or images found in Plaintiff's I-Code books;

(vi)   spending, transferring, moving or otherwise depleting any funds obtained from Defendants' counterfeiting activities; and,

(vii)   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (vi).

(b)   Defendants are ordered to immediately sequester and deliver up to Plaintiff's counsel for impoundment, pursuant to this Court Order, all items or things in their possession, custody or control, that contain text and images found in Plaintiff's I-Code books or bear counterfeits of Plaintiff's trademarks;

(c)   Defendants are ordered to immediately allow Plaintiff, or any of its agents or representatives, to inspect Defendants' places of business; and,

(d)   Defendants are ordered to engage in expedited discovery with Plaintiff.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, **are hereby enjoined from** committing any of the acts set forth in paragraphs (i) through (vii) of the preceding section 2(a).

**IT IS FURTHER ORDERED** that eBay, and any other electronic marketplaces on which Defendants are selling versions of the I-Codes, as well as any financial institution or financial services company holding the funds of Defendants (e.g., PayPal), shall, within two (2) business days of receipt of this Order, for any Defendant:

(a) locate all accounts and funds connected to Defendants' accounts; and,

(b) restrain and enjoin any such accounts and/or funds from being paid to Defendants, or any other person or entity, until further ordered by this Court.

**IT IS FURTHER ORDERED** that the PI Order shall remain in effect until it is vacated or until any such further date set by the Court.

**IT IS FURTHER ORDERED** that, good cause having been shown, deposition, written, and third-party discovery by any party herein may begin immediately.

**IT IS FURTHER ORDERED** that Plaintiff's posted bond in the amount of five hundred dollars ($500.00) shall be held by the Court until this case is dismissed or until this Court orders otherwise.

Plaintiff is directed to serve this PI Order on Defendants forthwith via all applicable means, including electronic means, personal service, and service on Defendants' attorney(s), if any. Proof of service of this PI Order is to be filed with the Clerk of Court no later than April 19, 2024.

Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this PI Order and that any act by them in violation of any of the terms of this Order may be considered and prosecuted as contempt of this Court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 17, 2024
       Brooklyn, New York