UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
INTERNATIONAL CODE COUNCIL, INC.,

        Plaintiff,

  -against-

PENKAJ VERMA and NEW FASHION
INDIA,

        Defendants.
----------------------------------------------------------X

REPORT AND
RECOMMENDATION
24 CV 2026 (PKC)(RML)

LEVY, United States Magistrate Judge:

By order dated February 12, 2025, the Honorable Pamela K. Chen, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted.

## BACKGROUND

Plaintiff International Code Council, Inc. ("plaintiff") brings this action against defendants Penkaj Verma ("Verma") and New Fashion India ("New Fashion") (together "defendants") for copyright infringement under the Copyright Act, 17 U.S.C. § 501; trademark counterfeiting, infringement, and false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1116(d), 1117(b), § 1125(a); and related state and common law claims. (Amended Complaint, filed Apr. 12, 2024 ("Am. Compl."), Dkt. No. 22, ¶¶ 41–97.)[1]

---

[1] The original complaint named Universal Store 2023, Bombino Express (Worldwide) Inc. ("Bombino") and Does 1–10 (the "Doe defendants") as defendants. (Complaint, filed Mar. 20, 2024, Dkt. No. 1.) The amended complaint replaced Universal Store 2023 with Verma and New Fashion. (Am. Compl. ¶ 2.) Bombino settled, (Consent Order, dated Dec. 17, 2024, Dkt. No. 44), and the Doe defendants were voluntarily dismissed (Notice of Voluntary Dismissal, dated Feb. 10, 2025, Dkt. No. 46). Therefore, Verma and New Fashion are the only remaining defendants.

The following facts are taken from the amended complaint and assumed to be true for the purposes of this motion.  Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187–90 (2d Cir. 2015).

I.     Factual Background

Plaintiff is a non-profit corporation organized under Delaware law with a principal place of business in Washington, D.C.  (Am. Compl. ¶ 1.)  Plaintiff develops and maintains books of model building codes, known as the International Codes or "I-Codes," through a consensus process that is designed to protect the health, safety, and welfare of building dwellers.  (Id. ¶¶ 1, 11–12.)  Plaintiff revises the I-Codes on a regular basis in response to technological and industry advancement and incurs significant costs "to provide the administrative, technical, substantive content and other services necessary to create and produce the [ ] I-Codes[.]"  (Id. ¶¶ 13, 18.)

To recover a portion of its costs, plaintiff sells copies of the I-Codes.  (Id. ¶ 19.)  These include the 2021 International Building Code book (the "2021 IBC Book"); the 2021 International Fire Code book (the "2021 IFC Book"); the 2021 International Fuel and Gas Code book (the "2021 IFGC Book"); the 2021 International Mechanical Code book (the "2021 IMC Book"); the 2021 International Plumbing Code book (the "2021 IPC Book"); the 2021 International Residential Code book (the "2021 IRC Book"), as well as the 2018 International Fuel and Gas Code book (the "2018 IFGC Book"), the 2018 International Mechanical Code book (the "2018 IMC Book"); and the 2018 International Plumbing Code book (the "2018 IPC Book") (collectively, the "I-Books").  (Id. ¶ 15.)  Plaintiff registered its copyrights in the I-Books with the United States Copyright Office and obtained Certificates of Copyright Registration from the Register of Copyrights.  (Id. ¶ 24, Ex. A.)  Plaintiff also owns registered trademarks that it uses

2

in the promotion of its products and services in connection with the I-Books,[2] along with registered trademarks for three logos (collectively, the "Marks"). (Id. ¶ 26, Ex. B.)

Defendant New Fashion is a sole proprietorship formed under Indian law and owned by defendant Verma, a resident of India. (Id. ¶ 2.) Defendants sold counterfeit versions of the I-Books. (Id. ¶¶ 2, 30–31, 35.) Through an investigating agent, plaintiff ordered copies of the counterfeit I-Books from defendants' stores on eBay and determined that they are not authentic or original. (Id. ¶ 37.) Although nearly identical, the counterfeit versions differed in quality from the I-Books in significant ways. (Id. ¶ 38.)[3]

II.     Procedural Background

Plaintiff filed the amended complaint on April 12, 2024, (Am. Compl.), and defendants executed waivers of service that same day (Waivers of Service, dated Apr. 12, 2024, Dkt. Nos. 25, 26). Despite waiving service, defendants have not answered or otherwise appeared in this action. The Clerk of the Court entered defaults against defendants on December 11, 2024. (Certificate of Default, dated Dec. 11, 2024, Dkt. No. 42.) Plaintiff filed the instant motion on February 10, 2025. (Motion for Default Judgment and Memorandum of Law, dated Feb. 10, 2025 ("Pl.'s Mot."), Dkt. No. 45; Declaration of Jeffrey T. Norberg, Esq., dated Feb. 10, 2025 ("Norberg Decl."), Dkt. No. 45-1.) Plaintiff seeks a default judgment against defendants pursuant to Federal Rule of Civil Procedure 55(b)(2), an award of statutory damages in the

---

[2] These marks include: THE INTERNATIONAL CODE COUNCIL®, INTERNATIONAL CODES®, INTERNATIONAL BUILDING CODE®, IBC®, INTERNATIONAL FIRE CODE®, IFC®, INTERNATIONAL FUEL AND GAS CODE®, IFGC®, INTERNATIONAL MECHANICAL CODE®, IMC®, INTERNATIONAL PLUMBING CODE®, IPC®, and INTERNATIONAL RESIDENTIAL CODE®, IRC®. (Am. Compl. ¶ 26.)

[3] For example, the counterfeit books were not shrink wrapped and did not contain the legal notice that plaintiff affixes to the I-Books. (Am. Compl. ¶¶ 38, 16.) The text in the counterfeit books also differed from the I-Books in color, font, and spacing. (Id. ¶ 38.) Lastly, the quality of the bindings of the counterfeit books were "vastly inferior" to those of the I-Books. (Id.)

3

amount of $2,375,000 under the Copyright Act and Lanham Act; and a permanent injunction pursuant to 17 U.S.C § 502. (Pl.'s Mot. at 6.)[4]

## DISCUSSION

I.     Default Judgment Standard

Federal Rule of Civil Procedure 55 "provides a two-step process for obtaining default judgment." Priestley v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011). First, where a party's failure to respond is "shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, the plaintiff must petition the court for an entry of default judgment pursuant to Rule 55(b)(2). See Priestley, 647 F.3d at 505.

Following a default, all factual allegations in the complaint, except those pertaining to the amount of damages, must be accepted as true. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993). A defendant's default is deemed an admission of the plaintiff's well-pleaded allegations of fact pertaining to liability. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). Additionally, "although a plaintiff seeking to recover damages against a defaulting defendant must prove its claim through the submission of evidence," the court need not hold a hearing as long as (1) "it has determined the proper rule for calculating damages on the claim," and (2) "the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment." DISH Network L.L.C. v. 786 Wireless World, Inc., No. 21 CV 5730, 2024 WL 708229, at *2 (E.D.N.Y. Jan. 3, 2024), report and recommendation adopted, 2024 WL 1092498 (E.D.N.Y. Mar. 13, 2024) (citing Langenberg v. Sofair, No. 03 CV 8339, 2006 WL 3518197, at *1 (S.D.N.Y. Dec. 7, 2006)).

---

[4] Plaintiff does not seek damages pursuant to its state law claims. (Pl.'s Mot. at 27.) It is therefore unnecessary to address the state law claims here.

II. <u>Liability</u>

A. <u>Copyright Infringement</u>

The Copyright Act protects "original works of authorship, fixed in any tangible medium of expression, . . . from which they can be perceived, reproduced, or otherwise communicated." 17 U.S.C. § 102(a). A copyright owner has "exclusive rights . . . (1) to reproduce the copyrighted work in copies . . . (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending[.]" 17 U.S.C. § 106. To succeed on a copyright infringement claim, a plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." <u>Arista Recs., LLC v. Doe 3</u>, 604 F.3d 110, 117 (2d Cir. 2010) (quoting <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340 (1991)). "The word copying is shorthand for the infringing of any of the copyright owner's . . . exclusive rights described in § 106." <u>Id.</u> (marks and citation omitted).

Regarding the first element, plaintiff has provided valid Certificates of Registration, issued by the U.S. Copyright Office, and registration numbers for each of the I-Books. (Am. Compl. ¶ 24, Ex. A.) This constitutes *prima facie* evidence of the valid ownership of a copyright. See <u>Durham Indus., Inc. v. Tomy Corp.</u>, 630 F.2d 905, 908 (2d Cir. 1980) (citing 17 U.S.C. § 410(c)); <u>Stelzer v. Elec. Interface Assocs., Inc.</u>, No. 22 CV 5234, 2024 WL 5416158, at *5 (E.D.N.Y. Aug. 21, 2024); <u>Joe Hand Promotions, Inc. v. Rosero</u>, No. 19 CV 792, 2020 WL 2572328, at *4 (E.D.N.Y. Feb. 18, 2020); <u>Premium Sports, Inc. v. Mendes</u>, No. 17 CV 1309, 2018 WL 2078488, at *5 (E.D.N.Y. Mar. 1, 2018).

Regarding the second element, plaintiff must show that (a) defendants have actually copied plaintiff's work; and (b) the copying is illegal because a substantial similarity exists between defendants' work and the protectable elements of plaintiff's work. <u>Jeremiah v. 5</u>

5

Towns Jewish Times, Inc., No. 22 CV 5942, 2023 WL 6593997, at *5 (E.D.N.Y. Aug. 9, 2023) (quoting CJ Prods. LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d 127, 144 (E.D.N.Y. 2011)), report and recommendation adopted, 2023 WL 5703698 (E.D.N.Y. Sept. 5, 2023).  Plaintiff alleges that defendants "reproduced, displayed, distributed, and sold counterfeits and copies" of the I-Books without plaintiff's consent.  (Am. Compl. ¶ 44.)  Plaintiff further alleges that the text of the counterfeit versions is "substantially similar, if not identical" to the I-Books.  (Id. ¶ 45.)  See Lipton v. Nature Co., 71 F.3d 464, 471 (2d Cir. 1995) ("If the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved.").  This is sufficient to establish that defendants copied "constituent elements" of the I-Books and thus infringed plaintiff's copyrights.  See McGraw-Hill Glob. Educ. Holdings, LLC v. Khan, 323 F. Supp. 3d 488, 498 (S.D.N.Y. 2018) (defaulting defendant liable where plaintiff demonstrated ownership of valid copyright and infringement due to substantial similarity); see also Strike 3 Holdings, LLC v. Doe, No. 23 CV 998, 2024 WL 3369986, at *9 (E.D.N.Y. July 11, 2024); Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17 CV 5721, 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019), report and recommendation adopted, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).  Accordingly, I respectfully recommend that plaintiff's motion for a default judgment be granted with respect to plaintiff's claim for copyright infringement.

    B. Lanham Act

        i. Trademark Counterfeiting and Infringement

Although the amended complaint lists separate counts for trademark infringement and trademark counterfeiting, (Am. Compl. ¶¶ 51–68), both are predicated upon Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), and therefore, one analysis is appropriate in evaluating both claims.  Streamlight, Inc. v. Gindi, No. 18 CV 987, 2019 WL 6733022, at *4 (E.D.N.Y.

Oct. 1, 2019), report and recommendation adopted, 2019 WL 6726152 (E.D.N.Y. Dec. 11, 2019).

With respect to plaintiff's trademark infringement claim, Section 32(1)(a) imposes civil liability on any person who, without the consent of the registrant,

> use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive[.]

15 U.S.C. § 1114(1)(a). With respect to plaintiff's trademark counterfeiting claim, Section 32(1)(b) imposes civil liability on any person who, without authorization,

> reproduce[s], counterfeit[s], cop[ies], or colorably imitate[s] a registered mark and appl[ies] such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive[.]

15 U.S.C. § 1114(1)(b).

To state a claim for trademark infringement or counterfeiting, plaintiff must show that (1) plaintiff has a valid mark that is entitled to protection and (2) defendants' actions are likely to cause confusion with that mark. Fossil Grp., Inc. v. Angel Seller LLC, No. 20 CV 2441, 2025 WL 1031062, at *4 (E.D.N.Y. Apr. 7, 2025) (quoting Tiffany & Co. v. Costco Wholesale Corp., 971 F.3d 74, 84 (2d Cir. 2020)). A counterfeit mark is a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

"As to the first prong, a certificate of registration . . . is prima facie evidence that the mark is registered and valid (i.e., protectable), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce." Guthrie Healthcare Sys. v.

7

ContextMedia, Inc., 826 F.3d 27, 37 (2d Cir. 2016) (quoting Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc., 192 F.3d 337, 345 (2d Cir. 1999) (marks omitted)).  Plaintiff owns the U.S. Trademark Registrations for the Marks.  (Am. Compl. ¶ 26, Ex. B.)  Due to their default, defendants have failed to overcome the presumption that the Marks are valid and entitled to protection.  See Mattel, Inc. v. www.fisher-price.online, No. 21 CV 9608, 2022 WL 2801022, at *5 (S.D.N.Y. July 18, 2022); Gindi, 2019 WL 6733022, at *4.

As to the second prong, "the standard for consumer confusion is easily satisfied in the case of counterfeits because counterfeits, by their very nature, cause confusion."  Off-White LLC v. 5HK5584, No. 19 CV 672, 2020 WL 1646692 at *5 (S.D.N.Y. Apr. 3, 2020) (quoting Coach, Inc. v. Horizon Trading USA Inc., 908 F. Supp. 2d 426, 433 (S.D.N.Y. 2012)).  Plaintiff's well-pled allegations establish that the trademarks deployed by defendants are counterfeit as they are virtually indistinguishable from the Marks.  (Am. Compl. ¶¶ 30, 35–39, Ex. C.)  Accordingly, I find that plaintiff has established defendants' liability on its trademark infringement and counterfeiting claims.  Kelly Toys Holdings, LLC v. alialialiLL Store, 606 F. Supp. 3d 32, 50 (S.D.N.Y. 2022); Mattel, 2022 WL 2801022, at *5–6.

> ii.  False Designation of Origin and Unfair Competition

Plaintiff also brings a claim for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).  (Am. Compl. ¶¶ 69–74.)[5]  "Courts in the Second Circuit have determined that the standards for false designation of origin claims under Section

---

[5] Count IV of the amended complaint is labeled as a claim for "Unfair Competition" pursuant to 15 U.S.C. 1125(a).  However, "there is no specific Federal cause of action for unfair competition.  Instead unfair competition under the Lanham Act is a category of claims consisting primarily of causes of action for false designation of origin and false advertising."  Sussman-Automatic Corp. v. Spa World Corp., 15 F. Supp. 3d 258, 272–73 (E.D.N.Y. 2014) (marks and citation omitted).

43(a) of the Lanham Act . . . are the same as for trademark infringement under Section 32." Gindi, 2019 WL 6733022, at *6 (quoting Sola Franchise Corp. v. Solo Salon Studios Inc., No. 14 CV 0946, 2015 WL 1299259, at *7 (E.D.N.Y. Mar. 23, 2015) (marks omitted)); see also Roberto Coin, Inc. v. Goldstein, No. 18 CV 4045, 2021 WL 4502470, at *15 n.13 (E.D.N.Y. Sept. 30, 2021) ("[I]t is well settled that the standards for false designation of origin claims under Section 43(a) of the Lanham Act . . . are the same as for trademark infringement claims under Section 32[.]"); Cap. One Fin. Corp. v. Cap. One Certified Inc., No. 18 CV 580, 2019 WL 1299266, at *4 (E.D.N.Y. Mar. 5, 2019) ("Courts employ substantially similar standards when analyzing claims for trademark infringement and false designation of origin under the Lanham Act."). Since plaintiff has satisfied the elements of a trademark infringement and has established that defendants' use of the Marks is likely to cause confusion or mistake as to the origin of defendants' products, I respectfully recommend that plaintiff's motion for default judgment be granted with respect to its false designation of origin and unfair competition claim under the Lanham Act, 15 U.S.C. § 1125(a).

   III.   Relief

      A. Injunctive Relief

Plaintiff asks this court to permanently enjoin defendants from further infringing plaintiff's copyrights and trademarks. (Pl.'s Mot. at 27–28.) The Lanham Act gives courts the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a). A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

9

Salinger v. Colting, 607 F.3d 68, 77 (2d Cir. 2010) (quoting eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006)).

Plaintiff has satisfied each of these factors for both copyright and trademark infringement. First, irreparable harm occurs where "there is any likelihood that an appreciable number of original prudent purchasers are likely to be misled, or indeed simply confused." Lobo Enters., Inc. v. Tunnel, Inc., 822 F.2d 331, 333 (2d Cir. 1987); accord Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 537 (2d Cir. 2005) ("In trademark disputes, a showing of likelihood of confusion establishes . . . irreparable harm.") (citation and marks omitted). Moreover, "courts routinely find the harm suffered by plaintiffs in copyright cases to be 'irreparable' on the theory that lost sales or diminished reputation can be difficult if not impossible to measure." Broad. Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 195 (S.D.N.Y. 2016). Defendants have sold counterfeit versions of plaintiff's books on eBay causing irreparable harm to plaintiff's business reputation. (Am. Compl. ¶ 38 ("Issues with the quality and durability of the Counterfeit Books will directly impact Plaintiff's reputation and goodwill.").) Second, defendants' conduct has shown that monetary damages are inadequate to compensate plaintiff for its injury. Defendants have sold at least 1,491 counterfeit books. (Norberg Decl. ¶¶ 4–5, Ex. B.) Monetary damages are insufficient to compensate plaintiff for the injury it has suffered because such damages will not prohibit future infringement in their continuing online storefronts. See Malibu Media, LLC v. Ofiesh, No. 16 CV 202, 2017 WL 2633526, at *3 (N.D.N.Y. June 19, 2017).

Third, there is no hardship to defendants because a permanent injunction will require defendants to do no more than simply stop engaging in infringement. Fourth, a permanent injunction is in the public interest because the need to protect copyrights is reflected

10

in the Constitution. U.S. Const. art. I, § 8, cl. 8 ("to promote the progress of science and arts, by securing for limited time to authors and inventors the exclusive right to their respective writing and discoveries."); see also Feist Publ'ns, 499 U.S. at 361; Int'l News Serv. v. AP, 248 U.S. 215, 234 (1918). Further, a permanent injunction is in the public interest since it will protect copyrighted and trademarked material and encourage compliance with the law. Malibu Media, 2017 WL 2633526, at *3. Finally, because defendants have failed to appear, a default judgment against them demonstrates actual success on the merits. 15 U.S.C. § 1116(a). Accordingly, I recommend that a permanent injunction be entered against defendants, in the form proposed by plaintiff. (See Proposed Default Judgment and Permanent Injunction, Dkt. No. 45-5.)

      B. Statutory Damages

The plaintiff bears the burden of establishing an amount of damages with reasonable certainty. RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L., No. 12 CV 1369, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (collecting cases), report and recommendation adopted, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013); see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). In conducting an inquest, the court is charged with "determining the proper rule for calculating damages on such a claim" and applying that rule to the evidence. Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) (quoting Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).

      Plaintiff requests statutory damages of $675,000 under the Copyright Act and $1,700,000 under the Lanham Act for a total of $2,375,000. (Pl.'s Mot. at 6, 18–24.) The Second Circuit has repeatedly cautioned, however, that "a plaintiff seeking compensation for the same injury under different legal theories is only entitled to one recovery." Viacom Int'l Inc. v.

11

Fanzine Int'l, Inc., No. 98 CV 7448, 2001 WL 930248, at *5 (S.D.N.Y. Aug. 16, 2001) (citing Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490, 497 (2d Cir. 1995)); see also Lyons P'ship, L.P. v. AAA Ent. Inc., No. 98 CV 9475, 1999 WL 1095608, at *10 (S.D.N.Y. Dec. 3, 1999) ("[T]he Second Circuit has repeatedly held that even if a plaintiff prevails on separate legal claims, each of which may be said to protect different if related interests, he may not obtain full compensation twice for the same economic injury."). Thus, courts typically do not permit recovery of statutory damages under both the Lanham Act and the Copyright Act where, as here, there ultimately is only one injury or economic loss. E.g., AllStar Mktg. Grp., LLC v. Ali Dropshipping Support Store, No. 21 CV 333, 2023 WL 4348386, at *3 (S.D.N.Y. July 5, 2023) (declining to award statutory damages under both Copyright Act and Lanham Act and adopting reasoning that one award of statutory damages was sufficient to compensate intellectual property holders); Cengage Learning, Inc. v. Shi, No. 13 CV 7772, 2015 WL 5167775, at *4 (S.D.N.Y. Sept. 2015) ("[A] plaintiff should not be awarded statutory damages under both the Copyright Act and the Lanham Act."); Tu v. Tad Sys. Tech. Inc., No. 08 CV 3822, 2009 WL 2905780, at *4–5 (E.D.N.Y. Sept. 10, 2009) (denying dual recovery of statutory damages under both Copyright Act and Lanham Act where defendant used plaintiff's trademarks on advertising and packaging in support of sale of software infringing plaintiff's copyrights); Microsoft Corp. v. Comput. Care Ctr., Inc., No. 06 CV 1429, 2008 WL 4179653, at *9 (E.D.N.Y. Sept. 10, 2008) (denying statutory damages under both Copyright Act and Lanham Act "for the same injury – i.e., harm caused by defendants' unauthorized copying of the same software"). Accordingly, I respectfully recommend that plaintiff not be awarded duplicative awards of statutory damages.

Under the Copyright Act, courts are given broad discretion to award statutory damages between $750 and $30,000 for copyright infringement. 17 U.S.C. § 504(c)(1). "If the

defendant's infringement was willful, however, the district court may also, in its discretion [under 17 U.S.C. § 504(c)(2) ], enhance the statutory damages award to as much as $150,000 per infringed work." Spin Master Ltd. v. Alan Yuan's Store, 325 F. Supp. 3d 413, 424–25 (S.D.N.Y. 2018) (quoting Island Software and Compu. Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 262–63 (2d Cir. 2005)).  The Lanham Act provides that, "at any time before final judgment is rendered by the trial court," plaintiffs may elect an award of statutory damages instead of actual damages and profits.  15 U.S.C. § 1117(c)(1).  "Once liability is established, if the court finds that the use of the counterfeit mark was willful, it may award up to $2,000,000 per counterfeit mark per type of goods or services sold . . . as the court considers just." Spin Master, 325 F. Supp. 3d at 424 (quoting 15 U.S.C. § 1117(c)(2) (marks omitted)).  Statutory damages against a defendant who acted willfully are intended to serve the dual role of compensating a plaintiff for injuries and deterring wrongful conduct by the defendant and others.  Malletier v. Carducci Leather Fashions, Inc., 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009) ("[W]here . . . a defendant is shown to have acted willfully, a statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others.").

"The Lanham Act does not provide guidelines for courts to use in determining an appropriate award of statutory damages; it is only limited by what the court considers just." Spin Master, 325 F. Supp. 3d at 425 (quoting 15 U.S.C. § 1117(c) (marks omitted)).  Courts in this Circuit, therefore, look to the analogous provision in the Copyright Act and consider the following factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the

13

> value of the infringing material; and (6) the conduct and attitude of the parties.

Sylo Supply, Inc. v. Juzihao Res. Mgmt. Co., No. 20 CV 5633, 2023 WL 6370863, at *13 (E.D.N.Y. Sept. 28, 2023), report and recommendation adopted, WL 6845865 (E.D.N.Y. Oct. 17, 2023) (citation omitted).

The factors related to defendants' default support an award of statutory damages. First, defendants' infringement is deemed willful by virtue of their default. See, e.g., Rovio Ent., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("[C]opyright infringement is deemed willful by virtue of a defendant's default") (citing All-Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 621–22 (S.D.N.Y. 2011)). As to factors two, three and five, although discovery was limited in this case due to defendants' default, a subpoena issued to eBay yielded information showing that defendants sold at least 1,557 counterfeit I-Code Books, 1,491 of which were titles subject to the copyright registrations asserted in the Amended Complaint. (Norberg Decl. ¶¶ 4–5, Ex. B.) At $117 per book, plaintiff's retail price for many of the I-Books (Am. Compl. ¶ 39), lost revenue is approximately $182,169. (Pl.'s Mot. at 16.) The scale of infringement is heightened in the case of online counterfeiting, because online marketplaces such as eBay provide a "'virtually limitless number of customers' for the counterfeit products." Kelly Toys Holdings, LLC v. Airpods Pro Store, No. 21 CV 8435, 2022 WL 2801077, at *7 (S.D.N.Y. July 18, 2022) (quoting Gindi, 2019 WL 6733022, at *13); see also Golden Goose Deluxe Brand v. Aadct Off. Store, No. 19 CV 2521, 2020 WL 3167031, at *4 (S.D.N.Y. June 15, 2020), report and recommendation adopted, 2020 WL 6157012 (S.D.N.Y. Oct. 21, 2020) (finding that defaulting defendants who offered goods on e-commerce website could reach a "vast customer base") (marks and citation omitted). However, because the court recommends issuing a permanent injunction, "the need to deter [d]efendant[s] from future

14

misconduct does not directly support a higher award." Mattel, Inc. v. Arming, No. 18 CV 8824, 2021 WL 3683871, at *8 (S.D.N.Y. Aug. 18, 2021).

Furthermore, "[c]ases where high statutory damages are awarded typically involve defendants who profit significantly despite repeated notices that they are infringing on the plaintiff's copyright." Sylo Supply, 2023 WL 6370863, at *13 (marks and citation omitted); see also Sadowski v. Render Media Inc., 17 CV 9045, 2020 WL 1178629, at *4 (S.D.N.Y. Mar. 10, 2020), report and recommendation adopted, 2020 WL 5968668 (S.D.N.Y. Oct. 8, 2020) ("While some courts in this District have granted in full a plaintiff's request for statutory damages in similar copyright infringement cases where a defendant had defaulted, such cases typically include facts demonstrating that the defendant continued its infringing conduct despite receiving notices to end such activity."). Plaintiff does not claim to have sent defendants any cease and desist letters and provides no evidence that the sales are ongoing. (Am. Compl.; Pl.'s Mot.) It states simply that "[p]laintiff is not aware of the full exten[t] of the counterfeiting and consumers who receive [c]ounterfeit [b]ooks may not notify [p]laintiff of the issue." (Pl.'s Mot. at 28.)

Because plaintiff has shown willful infringement but does not allege that defendants continue to infringe despite plaintiff's efforts, a statutory award of $25,000 per infringed work is appropriate. See, e.g., Sadowski, 2020 WL 1178629, at *4 (collecting cases); Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co., 291 F. Supp. 3d 554, 560 (S.D.N.Y. 2018) (collecting cases). Since defendants sold nine I-Books on its eBay stores, (Am. Compl. ¶¶ 12, 35), I respectfully recommend that plaintiff be awarded $225,000 from defendants.

15

C.  Attorney's Fees and Costs

Section 505 of the Copyright Act authorizes the court, in its discretion, to award costs and reasonable attorney's fees to the prevailing party.  17 U.S.C. § 505.  In exercising this discretion, the court may consider, *inter alia*, "frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994) (marks and citation omitted).  The Second Circuit has held that it is appropriate to award attorney's fees where the infringement was willful.  Kepner-Tregoe, Inc. v. Vroom, 186 F.3d 283, 289 (2d Cir. 1999).

Plaintiff does not request attorney's fees or costs at this time.  (See Pl.'s Mot. at 24–27.)  Plaintiff notes that eBay is holding approximately $37,000 pursuant to this court's Temporary Restraining Order and Preliminary Injunction.  (Id.; Norberg Decl. ¶ 6, Ex. C.)  Given defendants' location in India, plaintiff acknowledges that "this may represent the upper limit of Plaintiff's possible recovery, regardless of the size of any judgment entered by this Court."  (Pl.'s Mot. at 26.)  Therefore, plaintiff is not asking the court to determine an appropriate award of attorney's fees or costs at this time but instead intends to bring a motion for attorney's fees and costs later "should the Court enter judgment in an amount less than the amount currently impounded by eBay."  (Id.)

D.  Post-Judgment Interest

The Lanham Act and the Copyright Act permit a plaintiff to receive post-judgment interest "on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors

16

of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Accordingly, plaintiff is entitled to post-judgment interest on the money judgment entered in this action. Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (affirming that post-judgment interest is mandatory for civil judgments in federal district courts); Michael Grecco Prods. v. Function(X) Inc., 2019 WL 1368731, at *6 (S.D.N.Y. Mar. 11, 2019) (noting courts grant post-judgment interest against defaulting defendants in cases of copyright infringement).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment against defendants Penkaj Verma and New Fashion India be granted. I further recommend that defendants be permanently enjoined from infringing plaintiff's copyrights and trademarks, and that plaintiff be awarded $225,000 in statutory damages.

Plaintiff is directed to serve a copy of this Report and Recommendation on defendants, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
August 21, 2025