Jeffrey T. Norberg (admitted *pro hac vice*)
Rochelle Claerbaut (NY Bar No. 5841069)
**NEAL & McDevitt, LLC**
2801 Lakeside Drive, Suite 201
Bannockburn, Illinois 60015
Telephone:     (847) 441-9100
Facsimile:     (847) 441-0911
jnorberg@nealmcdevitt.com
rclaerbaut@nealmcdevitt.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| International Code Council, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>Penkaj Verma and New Fashion India, operators of "Universal Store 2023" and "Unique Store 2023", eBay Stores, Bombino Express (Worldwide), Inc., and Does 1-10<br><br>Defendants. | Civil Action No. 24-cv-2026 |

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION
AS TO THE VERMA DEFENDANTS**

This matter comes before the Court on application of Plaintiff International Code Council, Inc. ("Plaintiff"), by way of a Motion for Default Judgment, against defendants Penkaj Verma and New Fashion India ("the Verma Defendants"). Based upon the Amended Complaint and memoranda and declaration filed by counsel, and finding good cause therefore and that notice and service were proper,

IT IS on this __12__ day of __September__, 2025, HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Default judgment is hereby entered against the Verma Defendants on all counts of the Amended Complaint;

2. Plaintiff has made the showing necessary for the issuance of a permanent injunction, to wit that:

    a. Plaintiff has shown that the Verma Defendants have sold Admits and acknowledges that it has fulfilled orders for or shipped copies of Plaintiff's copyrighted works for its various I-Code books, which Plaintiff has alleged are counterfeit, including, but not limited to, those registered with the U.S. Copyright Office under registration numbers TX 8-915-281, TX 8-915-285, TX 8-901-109, TX 8-980-838, TX 8-980-834, TX 8-959-950, TX 8-462-591, TX 8-460-836, and TX 8-482-064 (collectively, "Plaintiff's Copyrights");

    b. Plaintiff has shown that the Verma Defendants have sold Admits copies of books bearing Plaintiff's trademarks used in connection with Plaintiff's various I-Code books including, but not limited to, the marks ICC®, THE INTERNATIONAL CODE COUNCIL®, INTERNATIONAL CODES®, INTERNATIONAL BUILDING CODE®, IBC®, INTERNATIONAL PLUMBING CODE®, IPC®, INTERNATIONAL MECHANICAL CODE®, IMC®, INTERNATIONAL RESIDENTIAL CODE®, IRC®, INTERNATIONAL FUEL AND GAS CODE®, IFGC®, and three of Plaintiff's logos ("Plaintiff's Trademarks"). Plaintiff's Copyrights and Plaintiff's Trademarks are, herein, collectively referred to as "Plaintiff's IP."

    c. The sales of counterfeit versions of Plaintiff's IP will result in an irreparable injury to Plaintiff if a permanent injunction is not ordered;

    d. The issuance of a permanent injunction is further justified upon consideration of the balance of hardships between the parties, together with the interest of the public at large;

    e. The harm to Plaintiff in denying the requested permanent injunction order outweighs the harm to the Verma Defendant's legitimate business interests;

3. The Verma Defendants, including their officers, agents, representatives, servants, employees, and all other persons or entities acting in concert or participation with them, are hereby permanently enjoined and restrained from:

    a. using the Plaintiff's IP or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's IP;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's IP;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and,

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear or copy any of Plaintiff's IP, or any reproductions, counterfeit copies, or colorable imitations.

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:

  4. The Verma Defendants shall immediately sequester and deliver up to Plaintiff's counsel for impoundment, pursuant to this court order all items or things bearing counterfeits of Plaintiff's IP remaining in their possession, custody or control;

  5. The Verma Defendants shall pay Plaintiff two hundred twenty-five thousand dollars ($225,000.00) in statutory damages;

  6. The Verma Defendants shall file with this Court and shall serve upon counsel for Plaintiff a written report under oath demonstrating compliance with this order within twenty (20) days of service of this order;

  7. eBay, PayPal and any other merchant account providers, payment providers, banks and other financial institutions, credit card payment processors, and third-party processors of financial institutions (collectively "Account Providers") holding any monies or accounts controlled by or belonging to the Verma Defendants shall immediately upon receiving actual notice of this Default Judgment and Permanent Injunction, locate and restrain such accounts,

monies, stocks, or other of the Verma Defendants' assets, not allowing such funds or assets to be transferred or withdrawn by the Verma Defendants, and shall provide Plaintiff's counsel with a list of all accounts, monies and/or assets within their control that belong to or are controlled by the Verma Defendants.

8. Plaintiff shall be permitted to engage in post-judgment discovery, pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure to aid in satisfying this Default Judgment and Permanent Injunction.

9. Until Plaintiff has recovered the full payment of monies owed to them by any the Verma Defendants, in the event that Plaintiff discovers any new aliases, businesses and/or websites belonging to, or being used or controlled by, any Verma Defendant, Plaintiff may move the Court for supplemental orders for discovery in aid of execution that identify such newly-detected aliases, businesses, and/or websites as belonging to, or being used or controlled by Defendant, and that eBay, PayPal or other merchant account providers, banks or other financial institutions, payment providers, credit card payment processors or third party processors shall, within seven (7) business days of receiving actual notice of such a supplemental order, provide Plaintiff's counsel with a list of all monies, assets, or accounts that are connected to any of the newly-detected aliases, businesses, and/or websites identified in the supplemental order

10. Until Plaintiff has recovered the full payment of monies owed to them by any Verma Defendants, in the event that Plaintiff discovers new monies or accounts belonging to or controlled by any Verma Defendant, including but not limited to any monies or accounts connected to any newly-detected aliases, businesses, and/or websites identified in a supplemental order for discovery in aid of execution as belonging to, or being used or controlled by any Verma Defendant, Plaintiff shall have the ongoing authority to serve this Judgment and Permanent

Injunction on any Account Providers or any other party controlling or otherwise holding such accounts and that the Account Providers shall immediately locate and restrain all accounts belonging to or controlled by such Verma Defendant from transferring or disposing of any money, stocks, or other of the Verma Defendants' assets, not allowing such funds or assets to be transferred or withdrawn by the Verma Defendants and shall provide Plaintiff with the information relating to those websites and/or accounts, including a list of all accounts, monies and/or assets that belong to or are controlled by the Verma Defendants.

11. After twenty-one (21) days following service of this Default Judgment and Permanent Injunction on the Verma Defendants and any Account Providers, Account Providers shall transfer all monies in the restrained accounts to Plaintiffs, up to the amount of the Verma Defendants' full liability, by payment to Plaintiff or Neal & McDevitt, LLC, counsel for Plaintiff.

12. The five hundred dollar ($500) surety bond posted by Plaintiff on March 21, 2024 (Dkt. No. 12) is hereby released to Plaintiff or its counsel, Neal & McDevitt, LLC. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel, Neal & McDevitt, LLC.

13. The Court shall retain jurisdiction over this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction.

Dated this __12__ day of __September__, 2025.

> /s/ Pamela K. Chen
> _____
> Hon. Pamela K. Chen
> United States District Judge